**Leland A. HUFF, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3298.

United States Court of Appeals, Federal Circuit.

DECIDED: March 10, 2003.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Petitioner, Mr. Leland A. Huff, petitions for review of the decision of the Merit Systems Protection Board (Board) dismissing his petition for review of an adverse suitability decision issued by the Office of Personnel Management (OPM). *Huff v. Office of Pers. Mgmt,* No. SE–0731–02–0128–I–1 (M.S.P.B. Mar. 15, 2002). Because Mr. Huff's appeal was not timely filed, this court *affirms.*

I.

Mr. Huff was employed in Seattle, Washington as a Food Service Worker with the Department of Veterans Affairs (VA). Mr. Huff obtained his position through the Compensate Work Therapy program through the American Lakes VA Vocational Rehabilitation Department. On December 14, 2001, OPM issued an adverse suitability decision that found Mr. Huff unsuitable for positions in the competitive Federal service until June 8, 2003. OPM based this decision on a prior criminal conviction of Mr. Huff for child molestation in the 3rd degree, for which Mr. Huff was sentenced to jail time, community supervision, and fines. OPM's decision letter informed Mr. Huff of his right to appeal to the Board within thirty days of the effective date of the decision, or thirty days from the date on which Mr. Huff received the letter, whichever was later. OPM also provided Mr. Huff with copies of the applicable regulations and form for filing an appeal. Mr. Huff filed his appeal with the Board's Seattle Field Office forty-four days after he received OPM's decision on December 17, 2001.

The administrative judge advised Mr. Huff that his petition was not timely filed, and that he bore the burden of proving good cause for the delay. Mr. Huff responded by letter dated January 30, 2002,

acknowledging that his appeal was late. Mr. Huff stated he sought the advice of his VA Vocational Rehabilitation counselor prior to filing his appeal, and that his counselor was unavailable during the thirty-day filing period. In addition, Mr. Huff noted that he suffers from "fairly extreme writer's block" finding it difficult to deal with "any kind of paperwork." The administrative judge issued an initial decision finding Mr. Huff did not show good cause for filing his appeal to the Board fourteen days late. The administrative judge then granted OPM's motion to dismiss Mr. Huff's appeal as untimely filed.

The initial decision of the Board became final on April 19, 2002, when neither party filed a position for review with the Board. Mr. Huff appeals to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

This court cannot set aside the decisions of the Board unless found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2002); *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). Therefore, unless the Board's dismissal of Mr. Huff's appeal is tainted in view of at least one of these criteria, this court will not disturb the Board's decision.

## III.

A petitioner must file an appeal to the Board within thirty calendar days after the effective date of an agency's action, or thirty days after the date on which petitioner receives the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b) (2002). The Board has the discretion to waive this filing deadline upon petitioner's showing of good cause for the delay. 5

C.F.R. § 1201.22(c) (2002). Several factors may be considered by the Board in its weighing of evidence of good cause, including: 1) the length of delay; 2) whether the appellant was aware of the filing time limit; 3) the existence of circumstances beyond appellant's control that affected his ability to comply with the time limit; 4) the degree to which negligence by the appellant has been shown to be present or absent; 5) circumstances showing the neglect was excusable; and 6) the extent and nature of the prejudice the agency would incur as a result of the waiver of the filing time limit. *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed.Cir.1994).

The administrative judge carefully considered Mr. Huff's explanation for his untimely appeal. However, the administrative judge did not find Mr. Huff's proffered reasons for delay justified a waiver in view of the *Walls* factors. The administrative judge indicated that Mr. Huff was aware of the filing time limit, and that his filing delay was not due to circumstances beyond his control. Seeking consultation with his rehabilitation counselor and "writer's block" were not deemed good cause. Moreover, the two-week delay in filing the appeal was not considered by the administrative judge to be a minimal delay.

Both the administrative judge and this court recognize Mr. Huff's pro se status. Nevertheless, even pro se appellants are expected to understand and meet the express deadlines governing their appeals. Because the Board's decision to dismiss Mr. Huff's appeal as untimely is supported by substantial evidence, this court affirms.